

David M. Hazan, Esq.
30 Vesey Street, 4th Floor
New York, New York 10007
Phone: (212) 577-2690
Fax: (212) 577-2691
dhazan@jacobshazan.com

October 10 2020

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Judge
United States District Court, SDNY
40p Foley Square, Room 2201
New York, New York 10007

Re:   Hugo Kayo v. Police Officer Peter Mertz, et al., 19 Civ. 00365 (PAE)

Your Honor:

  I am an attorney that represents plaintiff in the above-referenced matter.  I write to respectfully request that the Court extend the due date for plaintiff's Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross Motion for Partial Summary Judgment, *nunc pro tunc,* until October 10, 2020 which have already been filed with the Court and due to the tardiness of those filings I also respectfully request that the Court extend the due dates for the ] responsive motion papers for two additional days.  As the Court may recall, by letters dated July 29, 2020, August 12, 2020, August 24, 2020, September 9, 2020, September 30, 2020, and October 5, 2020 I requested extensions because I had fallen ill and was unable to competently work on the motion. Furthermore, after I recovered from the illness I have been physically unable to work on this motion due to continued limitations from my illness and other pandemic related obstacles that arose in my life. I do not have any history whatsoever of asking for numerous extensions to submit filings to Your Honor or any other judge I have ever appeared before and the circumstances that have caused me to file these motion papers late are completely beyond my control.  In fact, in my opinion I took steps that most attorneys probably would not have taken in order to complete these motions and file them at all, including sacrificing sleep for two nights prior to filing the motion papers.  This has been an extremely difficult time period for me, for a variety of reasons outside of my control and truly appreciate how kind and understanding this Court has been to me while I have repeatedly asked for extensions of time to file the motion papers.  I am not exaggerating when I tell the Court that it was physically impossible for me to complete and file these motion papers in a timely manner and I am hopeful that for these reasons and the reasons set forth herein the Court will grant this motion for another extension *nunc pro tunc,*   I have not spoken to counsel for defendants to determine whether defendants consent to this request, but I am filing this application anyway to so that it is before the Court as soon as possible.

  I was very disappointed when counsel for defendants filed a motion opposing my previous request for an extension of time to file the motion papers that I made earlier this week given that counsel was aware that I have been struggling to address basic runoff the mill issues that arise in everyone's daily lives  because of several pandemic related issues and illness that have arisen in my life and I represented that I could not physically complete the motion before

the due date.  Opposing my request for an extension when the requested extension did not prejudice his client in any way showed a complete lack of respect for a fellow human being. Although I was disappointed to receive counsel's opposition letter, I was not surprised to receive the opposition letter whatsoever because it is consistent with the manner in which too many individuals in our profession routinely treat each other.  Unfortunately, since I have never appeared before Your Honor prior to this case, I was more surprised with the kindness, respect and understanding that this Court has shown me during this time period because of the way members of our profession tend to treat each other  Whether it is another Southern District Judge screaming at an attorney who the Judge ultimately realized was wheel chair bound, in an abusive manner because the attorney failed to stand up before he addressed the Judge or watching attorneys lie and slander each other in order to get an edge in a case, I witness members of our profession treating ach other very poorly on a regular basis.  In my humble opinion, especially during this period of time when many people are suffering and facing life obstacles that they never imagined  they would face, it should be expected that attorneys will consent to requests for adjournments that do not prejudice their client in any way.

Furthermore, an attorneys representation that he is physically unable to complete a motion or other filing in a timely manner should be accepted as an adequate reason for an adjournment and attorneys should not be required to provide the Court and their adversaries with a detailed explanation, in a publicly filed document, regarding the issues that are preventing the attorney from filing the motion on time. Attorneys should be able to keep private family or medical issues private.  I am not comfortable sharing private information about my family and about my health in a publicly filed document or to a judge or an adversary in order to request an extension of time to file a motion,.  That having been said, I feel obligated to provide the Court with some information about why I filed the motion papers late.  In addition to being ill for a significant period of time and struggling to recover from the illness, pandemic related issues physically prevent me from completing work on a daily basis. I am currently unable to begin working each day on anything that requires me to think until approximately 10:00 pm each night after waking up each morning at approximately 5:00 am.  Consequently, it is extremely difficult to complete a significant amount of work each night after 10:00 pm, if I intend to sleep.  I had to miss two nights of sleep this week in order to complete the motion for this case because I did not think it would be appropriate to request another extension in light of defendants' objections. I did the best job I could given the circumstances and I apologize to the Court in advance if there are any errors in the motion.  For these reasons I respectfully request that the Court grant plaintiffs' request for an extension of time to file the motion papers, *nunc pro tunc,* and a corresponding enlargement of time for the parties to file the responsive motion papers.

The following proposed motion schedule is a revised schedule adding five days to each of the remaining deadlines:

Defendants' brief containing their reply and opposition to plaintiff's motion**: October 24, 2020**

Plaintiff's Reply: **November 4, 2020**

We thank the Court for its consideration herein and genuinely appreciate the patience and understanding the Court has shown plaintiff when plaintiff was unable to file his motion papers in a timely manner.'

.

Respectfully submitted,

_____
/s/

David M. Hazan, Esq.
*Attorney for Plaintiff*

Notwithstanding plaintiff's late filing and regrettable failure to consult with defense counsel prior to writing the Court, the Court will accept plaintiff's late filing, in recognition of plaintiff's counsel's health challenges.  In deference to the inconvenience presented to defense counsel by plaintiff's counsel's failure to heed the briefing schedule set by the Court, the Court will give defense counsel a date of their choice, within the next four weeks, to submit their responsive brief.  Defense counsel are to notify the Court by the close of business Thursday, October 15, 2020, of the date on which that filing will be made. Following that submission, plaintiff's reply, if any, shall be due two weeks later; no extensions of that deadline will be permitted.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

October 13, 2020